## BRANDYWINE ASSOCIATES

v.

## CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY.

### Civ. A. No. 77–4201.

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1980.

James M. Peck, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Miles A. Jellinek, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Brandywine Associates has brought this action seeking recovery under an insurance policy issued by defendant Cambridge Mutual Fire Insurance Company. Plaintiff alleges that a windstorm on or about March 20, 1976 caused damage to the insured premises, an apartment complex owned by plaintiff. The action is presently before the court on defendant's motion for summary judgment.

Defendant relies on language in the policy which provides that the "entire policy shall be void ... in case of any fraud or false swearing by the insured...." Plaintiff initially submitted a sworn statement in proof of loss which represented the amount of loss at $4,972,000.00, a figure equal to the upper limit of the policy. In subsequently itemizing the claim, plaintiff modified the statement of loss to a figure of approximately $66,000.00. Defendant argues that plaintiff's initial submission of an uncontrovertedly false proof of loss was a willful and knowing attempt at fraud.

It may be that a finding of fraudulent intent would be compelled as a matter of law when the uncontroverted evidence shows an intentional misrepresentation of

material fact by the insured which cannot be innocently explained; but where a not transparently untenable innocent explanation is offered, the issue of intent to defraud presents a question of fact to be resolved by the jury.[1] In the instant case, while there is evidence which reasonably supports the conclusion that the misrepresentation of losses set forth in the sworn proof of loss was intentional, the present record does not compel the further conclusion that such proof of loss was filed with the requisite intent to defraud defendant. Plaintiff has proffered evidence from which a jury may reasonably conclude that the proof of loss was innocently submitted. Specifically, plaintiff relies on the deposition testimony of Ira Straff, the public adjuster who prepared the proof of loss in question: Straff there explains that the original proof of loss was filed in order to satisfy a condition of the policy requiring submission of proof of loss within sixty days from the date of loss, and filed with the intention of preserving plaintiff's rights under the policy until a thorough appraisal of losses could be obtained. Plaintiff also notes that the inaccurate proof of loss, filed on May 17, 1976, was speedily supplemented on May 24, 1976 with a precise statement of the amount being claimed under the policy.

Accordingly, the issue of plaintiff's intent to defraud defendant is an issue of fact to be resolved by the jury. Wherefore, in the accompanying order, I deny defendant's motion for summary judgment.

---

1. *See Lykos v. American Home Assurance Company*, 452 F.Supp. 533, 536 (N.D.Ill.1978); and, *Folk v. National Ben Franklin Insurance Company*, 45 Ill.App.3d 595, 4 Ill.Dec. 104, 359 N.E.2d 1056, 1057 (1976). Because the insured property is located in Illinois, the parties agree that Illinois law controls the disposition of this motion.